

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Alicia Maria Dennis, | : | Case No.: 09-33957-WIL |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| Alicia Maria Dennis, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary Proceeding No.: 10-00305 |
| | : | |
| Bank of America, N.A., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF DECISION IN SUPPORT OF
### <u>ORDER DISMISSING COMPLAINT</u>

    Before the Court is the Plaintiff's Complaint instituting the above-captioned adversary proceeding (the "Complaint"). The Complaint is titled: "Title 42 Section 1983 Lawsuit Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress Prima Facie Code Title 42, United States Code (U.S.C.) Section 1983." The Court held a hearing to consider the Complaint on July 14, 2010, at which counsel for the Defendant appeared and requested dismissal of the Complaint for the reasons set forth in Defendant's Motion to Dismiss Complaint filed in Adversary

Proceeding 10-00303.  As set forth on the record at the hearing, and as set forth fully herein, the Complaint is hereby dismissed for the Debtor's lack of standing.

A.     **The Debtor's Bankruptcy Case**

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 8, 2009.  On January 6, 2010, the Debtor filed her bankruptcy schedules [Docket No. 21].  Schedule A lists the Debtor's real property located at 6935 Forest Terrace, Landover, MD 20785 (the "Property") as having a current value of $150,000.00 and secured claims of $219,037.00.  Debtor's Schedule C lists no property and Debtor's Schedule D lists Defendant as having two claims secured by the Property: a purchase money security interest in the amount of $175,312.00, of which $25,312.00 is listed as unsecured, and a second mortgage in the amount of $43,725.00, the entire amount of which is listed as unsecured.  Defendant's claims are not listed as contingent, unliquidated, or disputed on Debtor's Schedule D.

The Debtor's case was converted to one under Chapter 7 on February 2, 2010, upon the Debtor's request.  On March 11, 2010, the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate filed his Report of No Distribution indicating that there is no property available for distribution from the Debtor's bankruptcy estate.  On June 9, 2010, the Debtor received her Chapter 7 discharge.  On May 7, 2010, prior to entry of her discharge, the Debtor commenced the instant adversary proceeding.  On May 19, 2010, the Debtor filed an Amended Schedule D, which provides a value of $191,500.00 for the Property.  Debtor's Amended Schedule D lists Defendant as having a "disputed" claim in the amount of $175,312.00 secured by a first deed of trust on the Property and also lists Defendant as having a "disputed" claim in the amount of $43,725.00 secured by a second deed of trust on the Property [Docket No. 72].  On June 10, 2010, the Debtor filed Amended Schedules A and C [Docket No. 80].  The

Amended Schedule A lists no secured claims for the Property.  The Amended Schedule C claims an exemption of $191,500.00 in the Property pursuant to 11 U.S.C. § 502(b)(1).

**B.     The Complaint**

Although very difficult to decipher, the Complaint alleges that the Defendant violated various federal statutes in connection with a mortgage loan obtained by the Debtor.  The Complaint asserts that the mortgage obligation is voidable based on the Defendant's' "fraudulent and illegal activity, violating the rules of the laws under which the note/ instrument bond is expressly governed and also violated their duty as officers sworn statutorily to act within the parameters of the National Bank Act and other applicable statutes."  The Complaint is identical to the complaints filed by the Plaintiff in Adversary Proceedings 10-00303 and 10-00304, although each complaint deals with a different parcel of real property.

**C.     Standing**

Property of the bankruptcy estate includes *all* of the debtor's interests in any cause of action that has accrued prior to the filing of the bankruptcy petition.  *Miller v. Pacific Shore Funding,* 287 B.R. 47, 50 (D. Md. 2002).  "In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor."  *Bailey v. Household Finance Corp. III (In re Bailey)*, 306 B.R. 391, 392 -393 (Bankr. D.D.C. 2004).  If a cause of action is part of the bankruptcy estate, then the trustee alone has standing to bring that claim.  *Miller,* 287 B.R.at 50  *(citing Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir.1999)).  "Because '[t]he bankruptcy trustee is the legal representative of the bankruptcy estate,' the debtor may not pursue a cause of action which is the property of the bankruptcy

3

estate unless the trustee abandons the claim or participates in the cause of action.'" *Steger v. General Elec. Co.,* 318 F.3d 1066, 1080 (11th Cir. 2003) (*quoting In re Alvarez,* 224 F.3d 1273, 1279-80 (11th Cir. 2000)). "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Miller,* 287 B.R. at 50.

In this case, although the Court cannot determine the exact nature of the Debtor's claims due to the vagueness of the Complaint, the Debtor confirmed at the hearing on July 14, 2010, that her claims stem from prepetition loans secured by the Property. As the Debtor's claims accrued prepetition, they were a part of her bankruptcy estate and standing to pursue any such claims vested with the Chapter 7 Trustee upon conversion of the Debtor's bankruptcy case from Chapter 13 to Chapter 7. Absent abandonment or participation by the Chapter 7 Trustee, neither of which has occurred in this case, the Debtor lacks standing to pursue this adversary proceeding. *See In re Bailey*, 306 B.R. at 392.

Additionally, the Court notes that the Debtor failed to list any cause of action against the Defendant as an asset on her bankruptcy schedules. Although at the hearing the Debtor explained that she amended her schedules to list the Defendant as having unsecured claims, the Court explained that the proper place to list any causes of action against the Defendant would have been on Schedule B, which the Debtor failed to do. As such, the Trustee never had notice of the existence of this alleged cause of action in order to pursue or abandon the claim, if one exists.

**D.    Conclusion**

For the reasons stated on the record at the hearing held on July 14, 2010, and as more fully set forth herein, the Complaint shall be dismissed for the Debtor's lack of standing to bring the cause of action asserted. A separate order will issue.

cc: Plaintiff/Debtor
 Defendant
 Counsel for Defendant
 Chapter 7 Trustee

**END OF MEMORANDUM**